IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEANNA BAILEY MACK          :          CIVIL ACTION
                            :
     v.                     :
                            :
MICHAEL ASTRUE              :          NO. 09-2028

ORDER

AND NOW, this 11th day of February, 2010, upon
consideration of Deanna Bailey Mack's motion for summary judgment
(docket entry # 10), the defendant's response thereto (docket
entry # 12), the plaintiff's reply (docket entry # 14), and after
careful and independent review of the Report and Recommendation of
United States Magistrate Judge Lynne A. Sitarski (docket entry #
15), to which no one filed objections within the time that Local
R. Civ. P. 72.1 IV(b) prescribes, and the Court finding that:

(a)  Mack raises several issues in her appeal from the
Social Security Administration's denial of her claim for
Supplemental Security Income and Disability Insurance Benefits;

(b)  Judge Sitarski only discusses two of these issues
in her Report and Recommendation ("R&R"), namely (1) the failure
of the Administrative Law Judge ("ALJ") to explain his decision to
not seek to enforce a subpoena for records of Mack's
psychotherapist and (2) his reliance on the report of a
psychologist, Dr. Dana Goode, that was missing several pages;

(c)   The ALJ admitted that Goode's report was incomplete, but as Judge Sitarski observed it is missing most of Goode's narrative regarding her evaluation of Mack's condition, see R. at 217-220;

(d)   It is difficult to see how the ALJ concluded that he could rely on such a report, and he offered no explanation of that decision;

(e)   The ALJ similarly gave no reason for his failure to seek to enforce the subpoena, even though Mack requested that enforcement;

(f)   As Judge Sitarski noted, the ALJ has "broad discretion" to decide whether to issue a subpoena, R&R at 7 (citing 20 C.F.R. §§ 404.950(d)(1), 416.1450(d)(1) (both permitting an ALJ to issue subpoenas when the evidence or testimony sought "is reasonably necessary for the full presentation of a case"));

(g)   And pursuant to 42 U.S.C. § 405(e), district courts have jurisdiction to enforce such a subpoena upon the Commissioner's application to do so;

(h)   We agree with Judge Sitarski's observation that, although the Third Circuit does not appear to have addressed the question of whether an ALJ must enforce a subpoena that he has

2

issued, the ALJ should at least articulate his reasoning for declining to do so;

(i)  Indeed, the Social Security Administration Hearings, Appeals, and Litigation Law Manual ("HALLEX") provides that "[i]If an individual refuses or fails to comply with a subpoena, the ALJ <u>must</u> consider any changes in the situation since the subpoena was first issued and again determine whether the evidence or facts requested are reasonably necessary for the full presentation of the case. If so, the ALJ will prepare [and transmit] a memorandum to the OGC Regional Chief Counsel requesting enforcement of the subpoena," HALLEX at Ch. I-2-5-82, <u>available at</u> http://www.ssa.gov/OP_Home/hallex/I-02/I-2-5-82.html (emphasis added);

(j)  It does not appear that the ALJ complied with this procedure, and "it is an elementary rule that the propriety of agency action must be evaluated on the basis of stated reasons," <u>Treadwell v. Schweiker</u>, 698 F.2d 137, 142 (2d Cir. 1983) (appellant from a denial of disability insurance benefits suffered a due process violation where, among other things, the ALJ failed to articulate on the record why he issued subpoenas for records and then did not seek to enforce them);

(k)   The ALJ must ensure that "there is sufficient development of the record and explanation of findings to permit meaningful review," Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004) (discussing whether the ALJ provided an adequate explanation of the ALJ's decision regarding one of the steps in the five-step analysis of a claim for disability benefits);

(l)   After a careful and independent review of the record and the R&R, we agree with Judge Sitarski's conclusion that the ALJ improperly failed to explain his decisions to (1) rely on Goode's incomplete report and (2) decline to seek to enforce the subpoena that he issued for the psychotherapist's notes;

(m)   Because the ALJ did not articulate his reasoning on these issues on the record, we cannot meaningfully review these issues on appeal;

(n)   Judge Sitarski recommends that this matter "be remanded for enforcement of the subpoena originally issued by the Commissioner and any other proceedings deemed appropriate after review of these records," R&R at 13;

(o)   The defendant did not file an objection to this recommendation within the time that Local R. Civ. P. 72.1 IV(b) prescribes, but we will nonetheless depart from Judge Sitarski's suggested instructions for remand;

(p)  First, those instructions do not address the ALJ's discussion of Goode's incomplete report, and on remand the Commissioner should either obtain and consider the whole report or articulate why he does not do so;

(q)  Regarding the unenforced subpoena for the psychotherapist's records, on remand the Commissioner should either (1) apply to the Court to enforce the subpoena or (2) articulate why, the ALJ having issued the subpoena, the psychotherapist's records are not now reasonably necessary for the full presentation of Mack's case;

It is hereby ORDERED that:

1.  The Report and Recommendation (docket entry # 15) is ADOPTED and APPROVED IN PART, but the instructions on remand are amended as shown in Paragraphs 4, 5, and 6 below;

2.  The plaintiff's motion for summary judgment (docket entry # 10) is GRANTED IN PART;

3.  The Commissioner's denial of Mack's claim for Supplemental Security Income and Disability Insurance Benefits is VACATED;

4.  The case is REMANDED to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings;

5.     The Commissioner shall either OBTAIN AND CONSIDER Goode's complete report or EXPLAIN ON THE RECORD why he does not do so;

6.     The Commissioner shall either (1) APPLY to enforce the subpoena for the psychotherapist's records and consider them if he receives a response to the subpoena or (2) EXPLAIN ON THE RECORD why, the ALJ having issued the subpoena, the psychotherapist's records are not now reasonably necessary for the full presentation of Mack's case; and

7.     The Clerk of Court shall statistically CLOSE this action.


BY THE COURT:


/s/ Stewart Dalzell, J.